UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NILES ROSEN,**

    **Plaintiffs,**

v.                                      **Case No.: 8:19-cv-1526-MSS-AAS**

**EXACT SCIENCES CORP. and**
**EXACT SCIENCES LABORATORIES, LLC,**

    **Defendant.**
_____/

## ORDER

Defendant Exact Sciences Corporation and Exact Sciences Laboratories, LLC (collectively, Exact Sciences) moves for entry of an order staying discovery pending resolution of Exact Sciences' motion to dismiss relator Niles Rosen's False Claims Act complaint (Doc. 21). (Doc. 58). Mr. Rosen opposes the motion. (Doc. 62).

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

1

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I.E.4. In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

Exact Sciences argues Mr. Rosen's pending discovery requests are "premature, voluminous, and inherently burdensome." (Doc. 58, p. 3). Exact Sciences also claims its motion to dismiss is "meritorious and dispositive of this

case." (*Id.* at 4). Exact Sciences argues Mr. Rosen cannot move forward because Exact Sciences claims Mr. Rosen failed to allege facts sufficient to support the claim of scienter or the conclusion any payment to Mr. Rosen does not qualify as an inducement under the False Claims Act. (*Id.* at 4–5).  In Mr. Rosen's response to Exact Sciences' motion to dismiss, Mr. Rosen cited Eleventh Circuit cases in support of his arguments on scienter and inducement. *See* (Doc. 44, pp. 7–9) (listing cases).

A preliminary review of Exact Sciences' motion to dismiss reveals that it does not meet the extraordinarily stringent "clearly meritorious" standard. Exact Sciences also failed to demonstrate prejudice or undue burden if discovery proceeds.[1] Thus, the balance tips in favor of requiring discovery to go forward.

Accordingly, Exact Sciences' Motion to Stay Discovery (Doc. 58) is **DENIED**.

**ORDERED** in Tampa, Florida on March 7, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] Exact Sciences claims Mr. Rosen's pending discovery requests are improper because they seek privileged or otherwise confidential information. (Doc. 58, p. 8). The court will consider any arguments related to the relevance, overbreadth, or undue burden of specific discovery requests upon the filing of a proper motion.