UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. NILES ROSEN, M.D.,

    Plaintiff,

v.                                            Case No. 8:19-cv-1526-MSS-AAS

EXACT SCIENCES CORPORATION
and EXACT SCIENCES
LABORATORIES, LLC,

    Defendant.
_____/

## ORDER

Defendants Exact Sciences Corporation and Exact Sciences Laboratories, LLC (collectively, Exact Sciences) move for leave to file under seal several exhibits to its pending motion to compel (Doc. 89) and partially redact portions of other exhibits to that motion. (Doc. 92). Plaintiff United States of America *ex rel.* Niles Rosen, M.D. opposes Exact Sciences' request. (Doc. 94).

Because filing the documents under seal is not authorized by statute, rule, or order, Exact Sciences moves to seal the documents under Local Rule 1.11(c).[1] In relevant part, Local Rule 1.11(c) states:

---

[1] The revisions to the Middle District of Florida's Local Rules took effect on February 2, 2021. The revised Local Rules are available on the Middle District of Florida's website. *See Local Rules*, https://www.flmd.uscourts.gov/local-rules.

1

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal:
>
>  (1) must include in the title "Motion for Leave to File Under Seal";
>  (2) must describe the item proposed for sealing;
>  (3) must state the reason:
>   (A) filing the item is necessary,
>   (B) sealing the item is necessary, and
>   (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
>  (4) must propose a duration of the seal;
>  (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>  (6) must include a legal memorandum supporting the seal; but
>  (7) must not include the item proposed for sealing.
>
> An order permitting leave under this section must state the reason that a seal is required.

This court thus possesses both authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The decision on whether to seal records lies with this court, not the parties, and the decision must balance the public's common law right of access with a party's interest in keeping the information confidential. *Id.* at 597–99.

For a pretrial motion related to discovery, the court may overrule the common law right of access upon a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–1312 (11th Cir. 2001). "The 'good cause' standard requires the trial court to 'balance the respective interests of the parties.'" *Sarasota County Public Hospital District v.*

2

*MultiPlan, Inc.*, 2019 WL 1244963 at *1 (M.D. Fla. March 18, 2019) (*citing Chicago Tribune*, 263 F.3d at 1313). The analysis must consider:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Exact Sciences lists two justifications for sealing and partially redacting exhibits to its motion to compel: (1) some of the information in the exhibits constitutes "confidential business information, including financial data and analysis and business strategies"; and (2) some of the information in the exhibits is "related to its engagement with government regulators." (Doc. 92, pp. 3–6).

This court previously concluded in a January 18, 2023 order these justifications did not "necessitate sealing or redacting the exhibits" referenced in a nearly-identical motion to seal. (Doc. 93, p. 3). These justifications still do not necessitate sealing or redacting the exhibits and statements listed in Exact Sciences' present motion. Exact Sciences' interest in keeping confidential certain financial data and business strategies regarding a gift card incentive program is mitigated by the fact that (as Exact Sciences notes in their response to the plaintiffs' interrogatories) Exact Sciences discontinued the program "in

3

the fourth quarter of 2018." (Doc. 87, Ex. 2, p. 3). Further, Exact Sciences fails to show any federal agency has standing to request the court seal or redact any exhibits in this matter and thus fails to establish why the court should provisionally seal certain exhibits "until the government has a chance to express its opinion about whether this information should be publicly available." (Doc. 92, p. 6).

Exact Sciences has not established good cause for sealing or redacting the listed exhibits to their motion to compel (Doc. 89). Exact Sciences' motion to file confidential exhibits under seal or for redaction (Doc. 92) is therefore **DENIED**. Exact Sciences has until **February 6, 2023 at 5:00 P.M.** to submit the unredacted exhibits.

**ORDERED** in Tampa, Florida on January 30, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4